## Ex parte BANK OF THE STATE OF ALABAMA.

1. The term of the county court of Tuskaloosa county, held on the 2d Monday of December, 1843, was authorised by the act of the 13th February, 1843.
2. The judge of the county court of Tuskaloosa county, under the act of the 13th Feb. 1843, is authorised to tax a fee of two dollars on bank suits, although no jury trial is had.

B. F. PORTER, for the Bank, moved for a *mandamus* to the judge of the county court of Tuskaloosa county, requiring him to issue a *supersedeas* in a certain case, where execution either had or was about to issue against the Bank on a judgment for costs in favor of M. E. Chiles, et al. In the petition, it is shown, this judgment was rendered at a term of the county court commenced on the 2d Monday of December, 1843. Another reason urged for the *supersedeas* is, that a fee of 2 dollars, as taxed in the bill of costs, is the judge's fee. More than 100 cases were said by him to be in the same condition; and he urged—

1st. That the term of the county court was not warranted by

Ex parte Bank of the State of Alabama.

law; and as to this point, cited the acts of 1843, p. 125, § 3; act of 1821, Clay's Dig. 298, § 13.

2d. That the fee taxed is not allowed by law. As to this, he cited, act of 1815, Clay's Digest, 575, § 94; act of 1821, Aikin's Digest, 189; act of 1831, Clay's Dig. p. 316, § 24; act of 13 February, 1843, p. 81; act of 14 February, 1843, p. 56.

GOLDTHWAITE, J.—1. The first question to which our attention is called by this motion for a *mandamus*, is, whether a term of the county court of Tuskaloosa county was lawfully held on the 2d Monday of December, 1843. Previous to the 13th February of that year, that court was required to hold its sessions twice in each year—on the 3d Mondays in January and July. On that day, an act was approved by the Governor containing a section in these words, "Be it enacted, &c., That the next term of the county court of Tuskaloosa county shall be holden, as heretofore, on the 3d Monday of July, 1843; and thereafter, the terms of said court shall be holden on the 2d Mondays in May and December in each year." The evident object of this enactment was to change the terms of that court from January and July to December and May, but it was not to take effect until after the July term for the year 1843. The construction contended for by this motion, would cause an interval of 10 months; for no court could be held until May, 1844, if that held in December was unauthorized. If the words December and May are transposed in the section, the meaning of the Legislature would be free from all doubt. Even as it is, we think it perfectly clear, that the act contemplated a term of the court should be held on the 2d Monday of December, 1843.

2. The other question would be equally clear, if it was not that it is embarrassed by connecting it with a former practice of the county court judges.

The question is whether the judge of the county court of Tuskaloosa county, is authorized to tax a fee of two dollars to himself for rendering a judgment of *non pros.*, or dismissal, in a suit by the Bank of the State of Alabama.

The act of the 13th February, 1843, ascertains what fees a judge of the county court shall thereafter be allowed, and among these, is one of two dollars for each judgment or decree. This act would seem to admit of no other construction than that the

fee was allowable in all cases were judgments are given, without regard to their character. But it is said this act must be controlled by another, which was approved on the 14th of the same month. This last, directs that the tax fee of two dollars on each judgment rendered in all cases of debt, due the several banks in this State, shall belong to the county treasury of the county where the defendant may reside. If we stop here, it is impossible to trace any connexion between these acts; for nothing, as yet disclosed, leads to any inference that the last was intended to control the first. When we go one step further back, we find, by the act of 1831, that the county tax was abolished on all suits in Tuskaloosa circuit or county courts, in favor of the Bank of the State of Alabama, in which judgments should be had without the intervention of a jury. [Clay's Digest, 316, § 24.] This county tax was imposed by the act of 1815 for the purpose of providing a fund *to defray county expenses,* and is one of two dollars on each suit instituted in the county. [Clay's Digest, 575, § 94.]

When the county court was re-organized in 1821, and directed to be held by one judge, no salary was given to him, but certain fees were provided to be paid for his compensation; among these, we find a direction that *the tax fee then allowed by law for a jury,* should be paid to the judge. [Act of 1821, § 26—Toulmin's Digest, 199.] It is said, this is the only authority which the judges had for taxing any fee for their services, until the act of the 13th February, 1843; and as this fee was abolished in 1831 in all bank suits in Tuskaloosa county, where the judgments were had without the intervention of a jury, it is insisted, that as to such suits, the act of the 13th February, 1843, does not give the judge of the county court of that county any right to tax his fee, although he and all the other judges are entitled to it in every other class of cases. If the county tax, created by the act of 1815, was transferred to the county judges by the act of 1821, we do not well see how their right was affected by the act of 1831, inasmuch as there was then no *county tax* on suits in the county court of Tuskaloosa county; but, conceding that the legitimate interpretation of the act of 1831, was to abolish the fee in certain courts, we cannot perceive that an exemption from 1831, until the passage of the act of 1843, deprived the Legislature of the power to give a fee, by way of compensation, to the county judges. The only plausible objection against the right to this fee,

is dirived from the title of the act and its general object, which is to reduce, and not increase, the fees of any of the officers named in it; it is to be borne in mind, however, that other fees of this officer were reduced, and, in place of the fees which, previously, they were allowed to charge, a new fee bill is given. We are not authorized to restrict the fees, which are plainly allowed by this act, to cases in which they were allowed similar fees previously, because we cannot know that those which are specifically given, were not intended in place of others, which are now cut off.

Our conclusion, on both questions, is against the motion, and it is denied.